FILED & JUDGMENT ENTERED
Steven T. Salata

Jan 07 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.: 10-33445 |
| GREATER SALEM CHURCH | ) Chapter 11 |
| | ) |
| | ) |
| TAX ID #:   56-1107440 | ) |
| | ) |
| **Debtor(s)** | ) |

## ORDER APPOINTING CHIEF RESTRUCTURING OFFICER AND REMOVAL OF ANTHONY AND HARRIET JINWRIGHT

This cause coming on to be heard before the aforesigned, United States Bankruptcy Judge, upon the Bankruptcy Administrator's *Emergency Motion for the Appointment of a Chapter 11 Trustee*, the Court finds:

1. This is a Chapter 11 proceeding in which a voluntary petition was filed on November 19, 2010.

2. On December 22, 2010, a meeting pursuant to 11 U.S.C. § 341 was held. On December 23, 2010, Bankruptcy Administrator's Office notified the attorney for the Debtor of the Bankruptcy Administrator's concerns regarding the continued involvement of Harriet Jinwright in the affairs of the Debtor.

3. The Debtor's operations have been controlled for many years by Anthony Jinwright and his wife, Harriet Jinwright (the "Jinwrights"). Mr. Jinwright was incarcerated at the time of the filing of the Debtor's petition in bankruptcy and remains incarcerated. Mrs. Jinwright was not incarcerated at the time of the filing of the Debtor's petition and is expected to report to prison in April of 2011. On December 15, 2010, judgments were entered in the United States District Court for the Western District of North Carolina against the Jinwrights. Mrs. Jinwright was convicted of one count of *Conspiracy to Defraud the United States* and three counts of *Tax Evasion and Aiding and Abetting the Same*. Mr. Jinwright was convicted of one count of *Conspiracy to Defraud the United States,* six counts of

1

*Tax Evasion and Aiding and Abetting the Same,* and six counts of *False Tax Returns and Aiding and Abetting.*

4. Since the filing of the Debtor's petition, Mrs. Jinwright has continued as a member of the Debtor's Board of Directors, Chief Executive Officer and has exercised control over the Debtor's finances.  Mrs. Jinwright has agreed to resign, effective January 22, 2011.  According to the Debtor's bylaws, the power to remove either of the Jinwrights rests with the Debtor's congregation.  The congregation has failed to remove the Jinwrights from positions of the Debtor.

5. Pursuant to 11 U.S.C. § 1104, cause exists for the immediate appointment of a Chapter 11 Trustee.  The Debtor requested that an examiner with expanded powers be appointed, stating that because the Board of Directors endorsed severing all ties with the Jinwrights, a less invasive appointment was appropriate.  The Bankruptcy Administrator did not oppose a different type of officer, but requested that the Jinwrights not be involved in any way with the finances, property or business of the Debtor.

Wherefore, based upon the foregoing, the representations and recommendations of the attorney for the Debtor and the Bankruptcy Administrator and the entire record in this proceeding it is hereby ORDERED:

1. Harriet Jinwright and Anthony Jinwright shall not have any part in the assets, finances or business affairs of the Debtor.  To the extent either Harriet Jinwright or Anthony Jinwright holds any office or other position of the Debtor, they are hereby removed from such offices or positions.  Neither Harriet Jinwright nor Anthony Jinwright are permitted to serve as an officer, director or other position of the Debtor.  The Debtor is prohibited from paying any compensation or benefits to either Harriet Jinwright or Anthony Jinwright, either in cash, cash equivalent or in kind without further order of this Court.

2. Robert E. Weld is appointed Chief Restructuring Officer (CRO) of the Debtor and shall control the Debtor's finances, property and legal actions.  The CRO has all of the rights and powers of a trustee as set forth in the Bankruptcy Code and has the duties of a trustee as set forth in 11 U.S.C. §1106(a), **except** the CRO is not required to perform the following duties:

   a. 11 U.S.C. §1106(a)(1) as it refers to 11 U.S.C. §§ 704(5), 704(9), 704(10), and 704(12).  All other provisions of 11 U.S.C. §1106(a)(1) shall apply to the CRO.

   b. 11 U.S.C. §1106(a)(5).

   c. 11 U.S.C. §1106(a)(7).

   d. 11 U.S.C. §1106(a)(8).

3. The powers and duties of the CRO may be reduced or enlarged by further order of this Court upon motion by the CRO, the Debtor, other party in interest, or the Court on its own motion.

4. The CRO shall serve without bond.

5. This Order is effective upon entry.

SO ORDERED.

*This Order has been signed electronically.*  *United States Bankruptcy Court*
*The judge's signature and court's seal appear*
*at the top of the Order.*